UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| EDWARD LAVAR KING, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case Number: 4:14-cv-01349-MHH-JHE |
| | ) |
| WARDEN KENNETH JONES and THE | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
|    Respondents. | ) |

## **MEMORANDUM OPINION**

On February 22, 2017, the magistrate judge entered a report and recommendation in which he recommended that the Court dismiss with prejudice petitioner Edward Lavar King's petition for writ of habeas corpus. (Doc. 21). The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 21, p. 23). On March 6, 2017, Mr. King filed objections. (Doc. 23).[1]

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo

---

[1] Attached to his objections, Mr. King filed a "Motion to show that the Alabama Court of Criminal Appeals adjudication of the claims result in a decision that is contrary to, involved unreasonable application of clearly established Federal Law as determined by the Supreme Court." (Doc. 23 at 7-25). Mr. King's motion appears to restate the arguments contained in his petition rather than point to errors by the magistrate judge. To the extent the motion requests relief from the Court separate from the habeas petition, the Court denies the motion. To the extent that the motion is duplicative of the habeas petition, the Court denies the motion as moot.

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. King's objections are largely a restatement of the arguments that he presented in support of his habeas petition. The magistrate judge addressed each of those arguments completely in his report and recommendation, and the Court finds no error in the magistrate judge's analysis of the record or the law. Therefore, the Court overrules Mr. King's objections, and the Court adopts the magistrate judge's report and accepts his recommendation.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within Mr. King's petition for suitability for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253. The Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the

2

issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The Court finds that Mr. King's claims do not satisfy either standard. If he wishes to pursue an appeal, Mr. King must seek a certificate of appealability from the Eleventh Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure. *Rules Governing § 2254 Cases,* Rule 11(a); 11th Cir. R. 22.

The Court grants Mr. King's motion to suspend copies with respect to documents that he files in district court. (Doc. 24). Counsel for the defendant shall receive copies of those documents via CM/ECF, the district court's electronic docketing system.

The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 17, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE